IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABDULAFEEZ SHOLANKE, et al., | ) CASE NO. 1:18-CV-1929 |
| Plaintiffs, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| U.S. CITIZENSHIP & IMMIGRATION SERVICES, et al., | ) **MEMORANDUM OPINION AND** <br> ) **ORDER** |
| Defendants. | ) |

This case concerns the denial of a Form I-130 Petition for Alien Relative ("Form I-130 Petition") filed by Plaintiff Saiydah Weems Sholanke ("Ms. Sholanke") on behalf of Plaintiff Abdulafeez Sholanke ("Mr. Sholanke") (collectively, "Plaintiffs"). Ms. Sholanke's Form I-130 Petition was denied by Defendants United States Citizenship and Immigration Services ("USCIS"), and that decision was affirmed by the Board of Immigration Appeals ("BIA"). Plaintiffs seek review of the BIA's decision pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* (ECF #1, PageID #19).[1]

Defendants USCIS; Lee Francis Cissna, Director, USCIS; Karyn Zarlenga, District Director, USCIS; Chad Wolf, Acting Secretary of Homeland Security[2]; William Barr, Attorney

---

[1] Plaintiffs' Complaint asserts this Court may issue its Declaratory Judgment that Ms. Sholanke's Form I-130 Petition now be approved. (ECF #1, PageID #21). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent cause of action under these facts. *Michigan Corrections Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 902 (6th Cir. 2014). The Mandamus Act also does not apply in this case as USCIS has already adjudicated the visa petition. *Johnson v. Sessions*, No. RDB-15-3317, 2017 WL1207537, *6 (D. Md. April 3, 2017).

[2] On November 13, 2019, Acting Secretary Wolf replaced former Acting Secretary of Homeland Security Kevin McAleenan. Therefore, he is automatically substituted for Mr. McAleenan as a defendant in this case, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

General of the United States; and Justin E. Herman, United States Attorney for the Northern District of Ohio (collectively, "USCIS" or "Defendants") bring this action upon a Motion for Judgment as a Matter of Law. (ECF #15). Plaintiffs filed an Opposition to Defendants' Motion for Judgment as a Matter of Law and a Counter Motion for Summary Judgment. (ECF #17). Defendants filed a Reply in Support and Memorandum in Opposition to Plaintiffs' Counter Motion. (ECF #19). After careful consideration of the issues and a full review of the filings and all relevant authority, Defendants' Motion for Judgment as a Matter of Law (ECF #15) is GRANTED and Plaintiff's Counter Motion for Summary Judgment is DENIED. (ECF #17).

I. **FACTUAL AND PROCEDURAL HISTORY**[3]

Plaintiff Abdulafeez Sholanke, a citizen of Nigeria, entered the United States on a non-immigrant F-1 student visa on September 24, 2013. (ECF #1, PageID #5; ECF #13, PageID #101). Prior to coming to the United States, Mr. Sholanke married Surat Jimoh in Ikoyi, Nigeria on or about February 10, 2012. The couple filed for dissolution and the dissolution was granted on August 29, 2013. (ECF #1, PageID #5).

A. **Yoder-Sholanke Marriage and Ms. Yoder's Form I-130 Petition**

On September 5, 2014, Mr. Sholanke married Christina Yoder ("Ms. Yoder,") a United States citizen, in Cuyahoga County, Ohio. (ECF #13, PageID #101). On October 17, 2014, Ms. Yoder filed a Form I-130 Petition for Alien Relative ("Form I-130") on behalf of Mr. Sholanke. (ECF #13, p. USA-000504). Plaintiffs were interviewed by USCIS on January 13, 2015 and following investigation, Ms. Yoder's Form I-130 was denied based on a finding that she had not

---

[3] The facts are taken from the administrative record filed with this Court at ECF #2 and ECF #13. The record is voluminous, and this Opinion will refer to the "Page ID#" to identify documents. It may also reference undisputed facts set forth in the parties' briefs.

met her burden of demonstrating the *bona fide* nature of her marriage to Mr. Sholanke. (ECF #13, PageID #434).

On September 9, 2015, Mr. Sholanke filed a Complaint for Divorce in the Common Pleas Court of Cuyahoga County, Ohio, Case No. DR-15-358736. While the divorce was pending, Mr. Sholanke's counsel deposed Ms. Yoder. On Novemebr 2, 2015, Mr. Sholanke and Ms. Yoder appeared before the Honorable Francine B. Goldberg of the Cuyahoga County Domestic Relations Court. The parties submitted an Agreed Judgment Entry granting divorce on grounds of incompatibility. Judge Goldberg made one handwritten change to the Agreed Judgment Entry, noting "duration of marriage until 11/2/2015," and adopted the modified Entry. (ECF #1, PageID #5).

On or about October 22, 2015, the Department of Homeland Security issued a Notice to Appear ("NTA") against Mr. Sholanke. The NTA alleged Mr. Sholanke was not a citizen or national of the United States, that he entered the United States on September 24, 2013 as an F-1 student, that he had not attended Lorain County Community College from February 5, 2015 through the present, and thus was removable by reason of failing to maintain his student status. (ECF #1, PageID #5; ECF #13 PageID #305).

### B. Weems-Sholanke Marriage and Ms. Sholanke's Form I-130 Petition

After being placed in removal proceedings, Mr. Sholanke married for the third time in 4 years, this time to Plaintiff Saiydah Weems Sholanke ("Ms. Sholanke,") a United States citizen, on February 26, 2016 in Cleveland, Ohio. (ECF #1, PageID #6). On March 7, 2016, Ms. Sholanke filed an Immediate Relative I-130 Petition and designated Mr. Sholanke as the beneficiary. (ECF #13, PageID #13). Included with the Petition was a copy of the Judgment Entry signed by Judge Goldberg and the full transcript of Ms. Yoder's October 22, 2015 deposition. Following receipt of

the Petition, Plaintiffs appeared for an interview in the Cleveland Field Office of Defendant USCIS on August 23, 2016. (ECF #1, PageID #6).

On December 20, 2016, USCIS issued a Notice of Intent to Deny ("NOID") Ms. Weems's Form I-130. (ECF #13, PageID #198). On January 19, 2017, Plaintiff filed a response to the NOID at an "infopass appointment" at the Cleveland Field Office. (ECF #1, PageID #6). In their response, Plaintiffs provided additional evidence which included a brief from Ms. Sholanke's attorney, a copy of a 2009 email between USCIS officials and the Department of State regarding another case, and a copy of the December 20, 2016 NOID. (ECF #13, PageID #126). On April 12, 2017, the Director denied Ms. Sholanke's Form I-130 petition based on the conclusion that the beneficiary's prior marriage was fraudulent pursuant to INA § 204(c). (ECF #13, PageID #125).

### C. **Plaintiffs' Appeal to the BIA and Lawsuit Before This Court**

Plaintiffs timely mailed an EOIR-29 Appeal to the Board of Immigration Appeals ("BIA") on May 8, 2017. (ECF #13, PageID #114). Plaintiffs' Brief in Support of their Appeal was received by the BIA on June 5, 2017. USCIS mailed its Reply Brief to Plaintiffs' counsel on September 25, 2017 and Plaintiffs' Response Brief was received by the BIA on or about October 10, 2017. (ECF #13, PageID #85). On appeal, Plaintiffs argued USCIS is bound to accept the findings of the Ohio state court in the beneficiary's divorce proceedings because the state court is the "ultimate arbiter" of the validity of the Yoder-Sholanke marriage. Plaintiffs also argued that USCIS's INA § 204(c) finding was not supported by substantial and probative evidence. The BIA disagreed, and on January 17, 2018, issued a decision dismissing Ms. Sholanke's appeal. The BIA affirmed the USCIS's decision, finding that the visa denial based on INA § 204(c) was proper. (ECF #13, PageID #80).

On August 22, 2018, Plaintiffs filed this action in the Northern District of Ohio seeking mandamus and declaratory relief, arguing that the state court's finding as to the validity of the Yoder-Sholanke marriage is dispositive and thus Ms. Sholanke's I-130 petition on behalf of Mr. Sholanke was wrongfully denied. (ECF #1).

## II. STANDARD OF REVIEW

### A. Judgment as a Matter of Law Standard of Review

Plaintiffs bring this action pursuant to the Administrative Procedure Act, 5 U.S.C. 701-706, seeking relief from the BIA's denial of Ms. Sholanke's visa petition on behalf of Mr. Sholanke. (ECF #1, PageID #19). Defendants moved this Court for Judgment as a Matter of Law (ECF #15) and Plaintiffs opposed the Motion, contemporaneously filing a Counter Motion for Summary Judgment. (ECF #17).

USCIS's denial of a Form I-130 may be reviewed by a court pursuant to the APA. *See Banguara v. Hansen*, 434 F.3d 487, 500-501 (6th Cir. 2006). In this case, the BIA's decision, which affirmed the USCIS's decision to deny Ms. Sholanke's Form I-130 petition, was made after *de novo* review. The Sixth Circuit has noted that the summary judgment standard may not be appropriate when it comes to judicial review of an agency's actions under the APA. *See Alexander v. Merit Sys. Protection Bd.*, 165 F.3d 474, 480-481 (6th Cir. 1999). This is because a motion for summary judgment "invites improper consideration of evidence outside the administrative record." (*Id.* at 480). Summary judgment is appropriate when it "serves as the mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Singh v. Johnson*, 2016 WL 3476701 (E.D. Mich. June 27, 2016) at *3 (citation omitted). Accordingly, the Court will address the parties' briefings as requests for judgment as a matter of law under the APA.

B. <u>Standard of Review Under the APA</u>

District courts have jurisdiction to review a decision on the merits of an I-130 petition to classify an alien as a relative of a United States citizen. *Adi v. U.S.*, 498 Fed.App'x. 478, 480 (6th Cir. 2012) (citations omitted). Pursuant to the APA, courts shall "hold unlawful and set aside agency action, findings, and conclusions found to arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency decision is arbitrary and capricious if the agency fails to examine the relevant evidence or articulate a satisfactory explanation for the decision. *See Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006).

This standard of review is narrow and deferential, and courts "should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole." *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Therefore, a court must not substitute its judgment for that of the agency and it cannot reweigh the evidence if the agency's conclusion was reasonable. *See* 5 U.S.C. § 706(2)(a); *Adi v. United States*, No. 1:10CV502, 2011 WL 9613, at *5 (N.D. Ohio Jan. 3, 2011) (*aff'd Adi v. U.S.*, 498 Fed.Appx. 478 (6th Cir. 2012)). Instead, the evidence "must compel a different decision to be arbitrary and capricious." (*Id.*) (citation omitted).

III. <u>ANALYSIS</u>

A. <u>Form I-130 Petition Process and the Marriage Fraud Bar</u>

i. <u>Form I-130 Petition for Alien Relative</u>

The agency action at issue relates to the Form I-130 petition filed by Ms. Sholanke on behalf of Mr. Sholanke. When a United States citizen marries a non-citizen, the United States citizen can petition the government for an immediate relative visa using a Form I-130. "When an I-130 petition is filed based on marriage, the petitioner must show by a preponderance of the evidence that the marriage was *bona fide* at its inception, i.e. that the couple intended to establish

a life together at the time they got married." *Haddad v. Napolitano*, No. 1:13-CV-1028, 2014 WL 11309784, at *3. When a United States citizen files an I-130 to have his or her spouse classified as an immediate relative, the government is required to review and adjudicate the petition. *See* 8 U.S.C. 1151(b)(2)(A)(i), 1154. If the I-130 is approved, the non-citizen spouse then may apply for lawful permanent resident status. *See* 8 U.S.C. 1255(a).

The Immigration and Nationality Act ("INA") delegates the adjudication and investigation of immigration benefit petitions to the Secretary of Homeland Security and USCIS. 8 U.S.C. § 1103(a). USCIS investigates the claimed marital relations, underlying circumstances of the marriage, and marital history of the petitioner and beneficiary before conferring immigration benefits. *Id.*

### ii. INA 204(c) and the Marriage Fraud Bar

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. *See Matter of Brantigan*, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 C.F.R.), § 103.2(b). A visa petition may be denied pursuant to INA § 204(c) where there is evidence in the record to indicate that an alien previously conspired to enter into a fraudulent marriage. *Matter of Laureano*, 19 I. & N. Dec. 1 (BIA 1983). Section 204(c) of the Immigration and Nationality Act states:

> Notwithstanding the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154(c); INA § 204(c). In order for a visa petition to be barred by INA § 204(c), there must be "substantial and probative evidence" of such an attempt or conspiracy and the

derogatory evidence must be contained in the alien's file. *See* 8 C.F.R 103.2(b)(16)(i), 204.2(a)(1)(ii); *Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990). An officer who intends to deny a Form I-130 petition based on INA § 204(c) cannot depend solely on the determinations made by other officers in prior proceedings. *Id.* at 166-68 (BIA 1990). The officer must form his or her own independent conclusion as to whether the beneficiary previously committed marriage fraud based on all of the evidence in the record. *Id.* If USCIS identifies substantial and probative evidence in the record suggesting the beneficiary's marriage was fraudulent, USCIS issues a NOID advising the petitioner of the derogatory evidence and affords the petitioner an opportunity to respond. 8 C.F.R. §§ 103.2(b)(16), 204.2(a)(1)(ii).

Where the record contains evidence that a visa petition was previously filed seeking immigration benefits based on a fraudulent marriage, the current petitioner has the burden to prove that the beneficiary had not sought to circumvent the immigration laws based on that prior marriage. 8 C.F.R. § 204.2(a)(1)(ii); *Matter of Kahy*, 19 I. & N. Dec. 803, 806-07 (BIA 1993). When there is "substantial and probative evidence" of prior marriage fraud in the record, the burden then shifts to the petitioner to overcome the evidence. When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. *See Matter of Phillis*, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. *See* 8 C.F.R. 204.2(a)(1)(iii)(B).

Pursuant to U.S.C. § 1154(c); INA § 204(c), "[p]articipation in a 'sham' marriage bars any future visa petition based on marital status." *Haddad*, 2014 WL 11309784, *1; *see* 8 U.S.C. § 1154(c); INA § 204(c). If substantial and probative evidence is found, "the district director must deny any subsequent visa petition for immigration classification filed on behalf of such alien, regardless of whether the alien received a benefit through the attempt or conspiracy. *See Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990). Having determined that a beneficiary entered a prior marriage for the purpose of evading the immigration laws, all subsequent Form I-130s filed on behalf of that beneficiary must be denied. *See* 8 U.S.C. 1154(c); *Matter of Kahy*, 19 I. & N. Dec. at 805 n.2.

### iii. Record Evidence Reviewed by the BIA

The Director of USCIS denied Plaintiffs' petition based on the conclusion that the beneficiary's prior marriage was fraudulent. On appeal, the BIA conducted a *de novo* review of the evidence, including the "record of proceedings, including the decision of the Director, the December 20, 2016 NOID, the response to the NOID, the petitioner's contentions on appeal, and USCIS's reply on appeal" and affirmed USCIS's decision barring Ms. Sholanke's petition under INA § 2014(c). The BIA noted the following facts in support of its decision:

> The Director found material inconsistencies between the beneficiary's and Ms. Yoder's responses during their interview on January 13, 2015, which directly relate to the marital relationship. As noted by the Director, the beneficiary and Ms. Yoder lacked knowledge of basic information concerning one another. For example, the beneficiary did not know the names of Ms. Yoder's mother and father. Ms. Yoder could not recall where the beneficiary lived prior to their marriage and did not know whether he graduated from college, where he went to school, or whether he held a degree. Ms. Yoder also did not know the names of the beneficiary's daughter or his parents. Significantly, while Ms. Yoder and the beneficiary both stated during their interview that they resided together at an apartment located at 1847 E. 87[th] Street, in Cleveland, since July 2014, Ms.

> Yoder testified during her deposition in the couple's divorce proceedings that she began residing at the 87th Street address in June 2015.[4]
>
> In addition, Ms. Yoder admitted during her deposition that she was not on the lease for the 87th Street apartment although she submitted an unsigned lease agreement purportedly between her and the beneficiary in connection with the visa petition she filed on his behalf.
>
> Furthermore, the beneficiary, who was married to Ms. Yoder since September 5, 2014, provided insufficient evidence of a joint life. The Director considered the lack of evidence of joint ownership of property, commingling of financial resources, or sworn statements from third parties with personal knowledge of the marital relationship.

(ECF #13, PageID #82-83). After USCIS identified the derogatory evidence in the NOID, Plaintiffs had the opportunity to rebut the evidence. Ms. Sholanke did not submit any additional evidence in her response to the NOID to establish a joint life or to rebut the derogatory evidence.

"It is incumbent upon the petitioner to resolve the inconsistencies by independent objective evidence. Attempts to explain or reconcile the conflicting accounts, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice." *Matter of Ho*, 19 I&N Dec. 582, 591-92 (BIA 1998). Here, Ms. Yoder submitted an affidavit addressing a number of the inconsistencies presented during the investigation. However, because Ms. Yoder's affidavit sought to correct previous inconsistencies and alter testimony, the BIA could not rely on the submission as objective, credible evidence. *See* 8 C.F.R. 103.2(b)(2); *Matter of Ho*, 19 I&N Dec. 582, 591-92 (BIA 1998).

### B. Petitioner Failed to Meet Her Burden Under INA 201(b)

---

[4] The BIA also reviewed statements made by Ms. Yoder's father, who told ICE investigators that he did not know why the couple did not reside together. He stated that he was against the marriage because he felt his daughter did not know the beneficiary well enough to marry and that he did not trust Mr. Sholanke because he believed he married his daughter for a green card. He admitted that he only wrote the letter in support of the petition to assist his daughter and out of respect for her decision. (ECF #13, PageID #164-165).

Factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) quoting 8 U.S.C. § 1252(b)(4). Based on their review, the BIA concluded that the USCIS's 204(c) finding was supported by substantial and probative evidence. The Court finds that the factual evidence gathered and reviewed by USCIS, and then reviewed *de novo* by the BIA, constitutes substantial evidence to support the denial of Ms. Sholanke's petition.

On appeal, Ms. Sholanke argued that USCIS is bound to accept the findings of the Ohio state court in the beneficiary's divorce proceedings because the state court is the "ultimate arbiter" of the validity of the marriage between the beneficiary and his former spouse, Ms. Yoder. Further, Ms. Sholanke stated that the INA § 204(c) finding was not supported by substantial and probative evidence.

First, Plaintiffs incorrectly argue that this Court should defer to the judgment of the Cuyahoga County Domestic Relations Court's finding that the Yoder-Sholanke marriage was a "*bona fide* marriage and marital relationship". In that Court, Judge Goldberg found the Yoder-Sholanke marriage valid under state law. However, the Judge's state court decision does not speak to whether the marriage was entered into for the purpose of evading the immigration laws. Plaintiffs' reliance on *Dabaghian* is unpersuasive. *Dabaghian v. Civiletti*, 607 F.2d 868 (9th Cir. 1979). In that case, the Ninth Circuit held that parties to a legally valid marriage that nevertheless is a sham marriage are not considered "spouses" under the INA and are not eligible for adjustment of status. 607 F.3d 870-71. Accordingly, this Court agrees that *Dabaghian* actually supports the contention that whether a marriage is legally valid under state law is a separate inquiry from whether the marriage was fraudulent under federal law, i.e., entered into for purposes of evading immigration laws.

Plaintiff's cite to *Lutwak* is similarly unsuccessful in persuading this Court that it is required to defer to the state court's judgment. In *Lutwak*, the defendants argued their convictions for conspiracy were invalid because "regardless of the intentions of the parties at the time of the ceremonies, the fact that the ceremonies were performed was sufficient to establish the validity of the marriages." 345 U.S. at 485-86. The Ohio Supreme Court disagreed, finding the defendants in that matter sought to enter into sham marriages and thus the ceremonies were part of the conspiracy. 345 U.S. at 611. This Court agrees that *Lutwak* does not support Plaintiffs' position that the validity of a marriage is sufficient to show that the marriage was not a sham under federal law.

Second, Plaintiffs argue that the BIA's decision in *Matter of Singh* supports a "substantial and probative evidence" standard of review. *Matter of Singh*. 27 I&N Dec. 598 (BIA Aug. 23, 2019). In *Singh*, the court examined the standard of proof appropriate for a denial of an I-130 petition under INA § 204(c) and the BIA found that the substantial and probative evidence requirement "refer[red] to the standard of proof required to establish marriage fraud, not to the standard of review." 27 I & N Dec. at 606. Substantial and probative evidence of marriage fraud is evidence that "must establish that it is more than probably true that the marriage is fraudulent." *Id.* at 607.

As Plaintiffs bring this action under the APA, this Court is directed to review agency action under a deferential standard of review. A court may not set aside or hold unlawful an agency action unless that action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Here, the BIA found that Ms. Sholanke failed to meet her burden of establishing the Yoder-Sholanke marriage was a *bona fide* marital relationship and not entered into for the purpose of evading immigration laws. "Where no bona fide husband-wife relationship is intended, the

12

marriage is deemed invalid for immigration purposes regardless of whether it would be considered valid under the domestic law of the jurisdiction where performed." *Matter of Kitsalis*, 11 I&N Dec. 613, 614 (BIA 1996).

Based on its review of the record, this Court agrees Ms. Sholanke failed to meet her burden and thus the BIA did not err in denying her petition. This Court is not bound by the state court's decision, which has no bearing on the parties' intentions for entering into the marriage, and Plaintiffs cite to no authority to convince the Court otherwise. Plaintiffs held the burden to produce evidence demonstrating that their marriage was not entered into for an unlawful purpose and they failed to meet that burden.

### C. The BIA's Denial of Plaintiff's I-130 Petition Was Not Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with the Law

In cases brought under the APA, the court "review[s] the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The court's review is limited to the administrative record including all material compiled by the agency at the time the decision was made. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). A court may reverse an agency finding only if "the evidence not only supports that conclusion but compels it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The factual evidence gathered and reviewed by USCIS, and then reviewed *de novo* by the BIA, constitutes substantial evidence to support the denial of Ms. Sholanke's I-130 petition. Plaintiffs failed to demonstrate knowledge of basic facts about one another and provided conflicting testimony as to the nature of their relationship, including when and where they lived together. Further, Plaintiffs provided insufficient documentation to demonstrate a joint life or commingling of assets. "Once USCIS identifies substantial and probative evidence of marriage fraud, the burden shifts to the petitioner to establish eligibility for the benefit." *See Matter of Kahy*,

19 I&N Dec. 803, 806-07 (BIA 1993). On appeal, Ms. Sholanke failed to provide sufficient documentation to establish a joint life between the beneficiary and his prior spouse to rebut the derogatory evidence in the record.

Plaintiffs argue the BIA relied on circumstantial evidence and thus the agency's finding is improper. However, as the BIA found in *Singh*, "neither the statute, the regulation, nor our own precedent prohibits us from relying on circumstantial evidence, which may alone be sufficient to constitute substantial and probative evidence of marriage fraud under 204(c). *Singh*, 27 I&N Dec. at 608. Both direct and circumstantial evidence, as reviewed here, may be considered in determining whether there is "substantial and probative evidence" of marriage fraud under 204(c). *Id.* at 598.

As detailed above, the record evidence is conflicting and provides minimal indicia of reliability. After its review, this Court agrees that the evidence, taken in totality, contains substantial and probative evidence of marriage fraud. This Court finds Ms. Sholanke failed to carry her burden and the BIA's denial of Plaintiffs' appeal was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Accordingly, judgment is granted in favor of Defendants.

## IV. CONCLUSION

Based upon this Court's review of the administrative record and adhering to the standard of review under the Administrative Procedure Act, the Board of Immigration Appeals' decision of January 17, 2018 is AFFIRMED. Defendants' Motion for Judgment as a Matter of Law (ECF #15) is GRANTED. This case is hereby dismissed.

14

IT IS SO ORDERED.

／s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: March 25, 2020